Case 1:25-mj-00222-ZMF   Document 1-1

Case: 1:25-mj-00222
Assigned To: Judge Faruqui, Zia M.
Assign. Date: 9/17/2025
Description: COMPLAINT W/ARREST WARRANT

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, ███████, being duly sworn, depose and state as follows:

1. I am a Special Agent with Homeland Security Investigations (HSI), assigned to the Special Agent in Charge (SAC) D.C. field office. I have been employed with HSI since May 2020. I was previously employed as a federal police officer with the United States Capitol Police for approximately 3 years. I was also previously employed as a paralegal at the United States Attorney's Office for the District of New Jersey as well as at the Executive Office for Immigration Review for approximately one year, respectively. I have received specialized training and have conducted investigations relating to criminal violations of Title 18 of the United States Code.

2. This Affidavit is submitted in support of a Criminal Complaint charging Kristopher Nelson (hereinafter "NELSON") with five violations of Title 18 U.S.C. §§ 1028(a)(6), that is, "knowingly possess[ing] an identification document or authentication feature that is or appears to be an identification document or authentication feature of the United States . . . which is stolen or produced without lawful authority knowing that such document or feature was stolen or produced without such authority." A violation of § 1028(a)(6) is punishable by "a fine under this title or imprisonment for not more than one year, or both." Title 18 U.S.C. § 1028(b)(6).

3. Because this Affidavit is offered for the limited purpose of establishing probable cause to support the criminal complaint, it contains only a summary of relevant facts. I have not included details of every aspect of this investigation to date. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for issuance of the criminal complaint. The information contained in this Affidavit is based upon my personal knowledge

of and participation in the investigation, a review of documents and other evidence, and conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated.

## PROBABLE CAUSE:

5. HSI, along with other law enforcement agencies, has been investigating NELSON for violations of various federal offenses, including fraud. The investigation, to date, has obtained evidence that NELSON committed violations of Title 18 United States Code 1028(a)(6).

6. On or about September 2, 2025, law enforcement received documents from the Metropolitan Police Department (MPD) pertaining to an encounter that they had with NELSON that occurred on or about April 15, 2025.

7. The MPD encounter is documented under CCN 25054592.

8. On April 15, 2025, MPD observed a gold in color Toyota Camry bearing Maryland tag 5DY4219 traveling west bound on the Hopscotch Bridge at North Capitol & H Street, NE, in Washington, D.C. MPD officers performed a records check on the Toyota that revealed the the vehicle was reported stolen on April 13, 2025.

9. Once the vehicle was confirmed to be stolen, MPD conducted a stop of the car at the intersection of 3rd Street, NW and H Street, NW, in Washington, D.C. NELSON was the sole occupant and driver of the stolen vehicle and could not produce any proof that he was the vehicle's registered owner. As a result, NELSON was placed under arrest for Unauthorized Use of a Vehicle, among other charges.

10. With NELSON at the time of his arrest were three counterfeit driver's licenses, one counterfeit passport card, and one counterfeit Social Security card, all of which were located

inside NELSON's backpack, itself located inside the car.

11. The passport card that was discovered in the above-mentioned MPD incident is as follows:



12. A search of available law enforcement databases for that U.S. passport card number revealed that it was issued by the United States government to a VICTIM-1 (who is not the "Steven Merrill Jr." on the passport card in NELSON's possession), bearing a date and place of birth and an issue date and expiration date all different from those on the passport card possessed by NELSON.

13. A search of available law enforcement databases for NELSON further revealed that the United States government issued NELSON a genuine passport book, as well as a genuine passport card, each bearing numbers different than those on the passport card possessed by NELSON. NELSON's picture on those documents is:



14. The Social Security card that was discovered in the possession of NELSON during the above-mentioned MPD incident was in the name of "Willie Snowden" and bore a Social Security number ending in 83.

15. A search of available law enforcement databases for the SSN printed on the aforementioned card revealed that this SSN was issued by the Social Security Administration to VICTIM-2 (a person not named "Willie Snowden").

16. A search of available law enforcement databases for NELSON showed that the Social Security Administration issued a genuine SSN to NELSON that was different than the number appearing on the Social Security card possessed by NELSON during this incident.

17. The Texas driver's license that was found in connection with the above incident in NELSON's possession is as follows:



18. Record checks on the Texas driver's license revealed that the listed driver's license number was issued by the State of Texas to VICTIM-3 (a female who is not the "Steven Merrill Jr." on the Texas driver's license possessed by NELSON), bearing a date of birth different than the Texas driver's license possessed by NELSON.

19. The North Carolina driver's license that was discovered in the above-mentioned MPD

encounter is as follows:



20. Record checks for this North Carolina driver's license showed that the listed driver's license number was issued by the State of North Carolina to VICTIM-4 (an older white male who is not the "Thomas A. Radack" on the North Carolina driver's license possessed by NELSON), bearing a date of birth different than the driver's license possessed by NELSON.

21. The Florida driver's license that was discovered in the above-mentioned MPD encounter in the possession of NELSON, apparently bearing a photograph of NELSON but using the name "Willie Snowden," is as follows:



22. Record checks on the Florida driver's license revealed that there was no person in the State of Florida associated with the information on the license.

23. For picture comparison, the following driver's license picture is from NELSON'S genuine Maryland driver's license:



24. Upon NELSON's arrest, he was provided and waived his *Miranda* rights. When asked by MPD officers about the IDs that were found in the backpack with different names on them but NELSON's picture, NELSON admitted that his true name is Kristopher Nelson. NELSON then apologized and stated, "I was trying some stuff as a kid. I used those maybe like three or four years ago. I know for sure they do not work right now if you try anything with them . . . I just kept them in that bag."

**CONCLUSION:**

25. Based on the foregoing facts, I believe probable cause exists to support the issuance of a Criminal Complaint charging NELSON with five violations of Title 18 U.S.C. §§ 1028(a)(6), 1028(b)(6), that is, knowingly possessing an identification document or authentication feature that is or appears to be an identification document or authentication feature of the United States which is stolen or produced without lawful authority knowing that such document

or feature was stolen or produced without such authority.



Respectfully submitted,



Affidavit submitted by email and attested to me as true and accurate by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on the 17th day of September, 2025.

_____
The Honorable Zia M. Faruqui
United States Magistrate Judge